UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

        Plaintiff,                        CASE NO: **05-40002**

-vs-

                                      HONORABLE: **Thomas L. Ludington**

**RICO DIXON,**

        Defendant,
and

**DARDEN RESTAURANTS,**

        **Garnishee./**

<u>GARNISHEE ORDER</u>

A Writ of Continuing Garnishment, directed to Garnishee, has been duly issued and the Garnishee filed its answer on August 14, 2009, stating that at the time of the service, Defendant was an employee of the Garnishee. The answer further stated that Defendant's current wages are too low to be subject to garnishment.

On July 10, 2009 the Defendant was notified of his/her right to a hearing and has not requested a hearing to determine exempt property.

The United States is entitled to receive a surcharge, which is ten (10%) percent of the outstanding debt pursuant to 28 U.S.C. § 3011. Defendant shall pay the surcharge.

IT IS ORDERED that Garnishee shall pay twenty-five percent of Defendant's "disposable earnings" for each week, or the amount by which Defendant's "disposable earnings" for that week exceed $217.50, whichever is less, to the U.S. Department of Justice. *See* 15 U.S.C. § 1673(a). "Disposable earnings" means "earnings of any individual remaining after the deduction from those earnings of any

amounts required by law to be withheld." 15 U.S.C. § 1672(b).  Any garnishment for support of a person has priority and should be paid before any amount paid pursuant to this order.  28 U.S.C. § 3205(c)(8).  Court ordered garnishments for the support of a person are not, however, "amounts required by law to be withheld" for the purpose of calculating "disposable earnings." *First Nat. Bank v. Hasty*, 415 F. Supp. 170, 174 (E.D. Mich. 1976) *affirmed by* 573 F.2d 1310 (6th Cir. 1977).

For example, if after the exemptions for income tax and payroll tax have been deducted from defendant's earnings, his net earnings for a given week are $250, $32.50 would be subject to this garnishment order in addition to any deductions for child support.  If, on the other hand, in a given week defendant earned $122.34,[1] or any other amount up to $217.50, after exemptions for state and federal income tax and payroll tax, his earnings would not be subject to garnishment for that week pursuant to this order.  His earnings may still be subject to garnishment pursuant to existing child support orders.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 3, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[1] This amount was chosen to illustrate that Defendant's earnings would not have been subject to garnishment for the pay period ending July 26, 2009, and described on the worksheet attached as Exhibit A to Plaintiff's Response to Order Directing Plaintiff to Provide Legal Authority Justifying Entry of Plaintiff's Proposed Garnishee Order.